### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 2:10-cr-03158-RB |
| ) | |
| RAJU C. RICKETT,  ) | |
| ) | |
| Defendant.  ) | |

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Raju Rickett's Motion to Dismiss Pursuant to Rule 12. (Doc. 46.)  Having considered the parties' memoranda, oral arguments, the relevant case law, and otherwise being fully informed, the Court DENIES Defendant's Motion to Dismiss.  The issue of whether Defendant knowingly failed to register as a sex offender in violation of 18 U.S.C. § 2250(a) is a question of fact, not law; therefore, it must be decided by a finder of fact.

### II.      FACTUAL BACKGROUND

On February 2, 1998, before the Third Judicial District Court for the State of New Mexico, Defendant pled guilty to four counts of contributing to the delinquency of a minor and one count of criminal sexual penetration of a child between the ages of thirteen and sixteen. (Doc. 17-1 at 6.) This last count, criminal sexual penetration of a minor, is defined as a "sex offense" under N.M. STAT. ANN. § 29-11A-3.  Defendant was sentenced to eighteen months of imprisonment followed by five years of parole.  (Doc. 17-1 at 6.)  The Judgment and Sentence from the New Mexico court stated that "Defendant shall register with the Sheriff of the county in which the Defendant resides, no later than thirty days after being released from the custody of the Department of Corrections or being placed on probation or parole, and shall comply with all other provisions of the Sex Offender

Registration Act, §§ 29-11A-1 *et. seq.*, NMSA 1978." (*Id.* at 7.)  Defendant's sentence was suspended, except for a forty-five day period of confinement. (*Id.* at 6.)  After serving his forty-five day prison term, Defendant was released, and sometime on or before July 23, 1998, he registered as a sex offender for the first time. (Doc. 46 at 5.)

In July 2005, Defendant was convicted of failure to register as a sex offender in violation of N.M. STAT. ANN. § 29-11A-4 (Doc. 17-2 at 2), and on April 12, 2006, Defendant was convicted of one count of contributing to the delinquency of a minor, one count of conspiracy to commit contributing to the delinquency of a minor, and one count of giving alcohol to a minor. (Doc. 49 at 4.)  Defendant received concurrent sentences for the 2005 and 2006 convictions and was released from prison on November 28, 2009. (*Id.*)  On November 24, 2009, before his release from prison, Defendant signed a New Mexico Corrections Department Notice to Register form, which clearly and conspicuously stated the following on its cover page:

> Pursuant to NMSA 29-11A-4, a convicted sex offender is required to register with the Sheriff's Office in the County where he/she will reside.  Registration must take place no later than ten (10) days after being released from the custody of the Corrections Department, or registration must take place no later than ten (10) days after being placed on probation or parole.  Registration requirements are summarized more specifically below.

(Doc. 17-3 at 3.)  The Notice to Register did not indicate that Defendant was also required to register under federal law.  It did indicate, however, that it was "YOUR [the sex offender's] responsibility to communicate with the county sheriff where you reside and to determine how often and long you are required to register as a sex offender." (*Id.* at 4.)

In July 2010, the United States Marshals Service learned that Mr. Rickett had failed to register as a sex offender following his release from prison and thus began an investigation to locate him. (Doc. 49 at 5.)  Through this investigation, the U.S. Marshals learned that, since his release

from prison, Defendant had been living in El Paso, Texas and Eunice, New Mexico, but that he had failed to register in either location. (Doc. 1.)  After securing an arrest warrant (Doc. 2), U.S. Marshals seized Mr. Rickett in Las Cruces, New Mexico on September 13, 2010. (Doc. 6.)

### III.   PROCEDURAL HISTORY

On November 18, 2010, a federal grand jury returned an indictment charging Mr. Rickett with a one count of failure to register under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 *et seq*., between November 28, 2009 and September 16, 2010, in violation of 18 U.S.C. § 2250(a). (Doc. 23.)  On February 1, 2011, Mr. Rickett filed a motion to dismiss the indictment pursuant to FED. R. CRIM. P. 12(b)(2), arguing that the government cannot meet its burden to prove beyond a reasonable doubt that Mr. Rickett had a duty to register as a sex offender under the New Mexico Sex Offender Registration and Notification Act (NM SORNA), N.M. STAT. ANN. 29-11A-1 *et seq*., or that Defendant knowingly failed to register. (Doc. 46.)  The government filed a Response on February 16, 2011, arguing that the indictment does not charge a violation of New Mexico law, but rather a violation of federal law, which presents a separate registration requirement for sex offenders who travel in interstate commerce, independent of any requirements Defendant may have had under New Mexico law. (Doc. 49.)  Additionally, the government argues that it need not show Defendant had specific knowledge of federal registration requirements under SORNA, but rather, it need only demonstrate Defendant generally knew he was required to register as a sex offender under either state or federal law. (*Id*.)

The Court initially held a hearing on Defendant's Motion to Dismiss on March 21, 2011. (Doc. 52.)  At the hearing, Defendant's attorney withdrew the Motion to Dismiss, indicating that he believed the issue of whether Mr. Rickett knowingly failed to register as a sex offender upon his release from prison in November 2009 was an issue of fact for a jury. (*Id*.)  The Court therefore

3

entered an order denying Defendant's Motion to Dismiss Pursuant to Rule 12 as moot. (Doc. 56.) On April 6, 2011, Defendant filed a Motion to Reinstate Motion to Dismiss Pursuant to Rule 12, stating that "[a]fter further consideration and further legal research, defense counsel believes that the withdrawal of the motion was premature." (Doc. 62.)

A second hearing on this matter was held April 22, 2011. At this second hearing, Defendant argued that, under *United States v. Hinckley*, 550 F.3d 926, 938–39 (10th Cir. 2008), *cert denied* 129 S. Ct. 2383 (2009), as well as similar authority from several other circuits, because notice of a duty to register as a sex offender under state law is sufficient to establish notice of federal SORNA's registration requirements, the fact that Mr. Rickett no longer had a duty to register as a sex offender under New Mexico law makes it impossible for the government to meet its burden of proof with regard to the "knowingly" element of 18 U.S.C. § 2250(a). In other words, Defendant asserts that if a defendant no longer has to register under state law, as a matter of law, he cannot knowingly violate a federal registration requirement. The government reiterated its argument that Defendant cannot assert a mistaken reliance on New Mexico's shorter registration period to establish that he did not knowingly fail to register as a sex offender under federal SORNA.

## IV.     LEGAL STANDARD

FED. R. CRIM. P. 12(b)(2) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Accordingly, "Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense. If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (internal citations and

quotations omitted). In sum, pretrial dismissal is only appropriate where the indictment or the undisputed facts demonstrate that "*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (quoting *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).

## V.   ANALYSIS

The federal SORNA was enacted in July 2006 and applies to anyone "convicted of a sex offense." 42 U.S.C. § 16911(1). Although Mr. Rickett was convicted of a "sex offense" in February 1998, before the enactment of SORNA, the Act applies to all sex offenders, regardless of the date of their conviction. *Hinckley*, 550 F.3d at 929–30; 28 C.F.R. § 72.3. The Act requires a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student" for a minimum of fifteen years. 42 U.S.C. §§ 16913(a) & 16915. Those individuals who fail to comply with SORNA's registration requirements are subject to criminal penalties under federal law: whoever (1) is required to register under the Act, (2) travels in interstate commerce, and (3) knowingly fails to register "shall be fined under this title or imprisoned not more than ten years, or both." 18 U.S.C. § 2250(a).

### A.   **Defendant No Longer Had a Duty to Register Under NM SORNA**

At the hearing on this matter, the government, citing to *Todd*, 446 F.3d 1062, argued that, in ruling on Defendant's Motion to Dismiss, the Court is limited to assessing the sufficiency of the indictment and cannot consider any facts outside the indictment in testing its sufficiency. In certain limited circumstances, however, the Tenth Circuit has permitted district courts to take notice of those undisputed facts that would allow the court to resolve the motion to dismiss as a matter of law.

> On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the

> charged offense. For the most part that question does not involve any examination of the evidence.
> In limited circumstances, however, this Court has held that a district court may dismiss charges at the pretrial stage where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. Pretrial dismissal based on undisputed facts is a determination that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.

*Id*. at 1068 (quotations, ellipsis, and citations omitted). In the case at hand, the government failed to object in its Response or at oral argument to Defendant's assertion of facts and law establishing that Mr. Rickett no longer had a duty to register as a sex offender under NM SORNA.

Mr. Rickett's February 1998 conviction for criminal sexual penetration of a child between the ages of thirteen and sixteen constituted a "sex offense" under N.M. STAT. ANN. § 29-11A-3(B); therefore, Defendant was required to comply with NM SORNA'S registration provisions. Under N.M. STAT. ANN. § 29-11A-4, "[f]ollowing his initial registration . . . a sex offender . . . shall annually renew his registration with the county sheriff prior to December 31 of each subsequent calendar year for *a period of ten years*." (emphasis added). Accordingly, Defendant's duty to register under the NM SORNA ended sometime on or before July 23, 2008, ten years after his initial registration. (Doc. 46 at 5.) Given the government's failure to contest either the facts or the law behind this conclusion, in its resolution of Defendant's Motion to Dismiss, the Court may consider that Defendant no longer had a duty to register under NM SORNA. The question for the Court thus becomes whether this "undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." *Todd*, 446 F.3d at 1069.

**B.     Defendant Clearly Had a Duty to Register Under Federal SORNA**

Although the government does not contest that Defendant no longer has a duty to register under NM SORNA, it does assert that Defendant had a separate and distinct duty to register under

federal SORNA, and that following his release from prison on November 28, 2009, Defendant failed to comply with the federal registration requirements. Under federal SORNA, anyone "convicted of a sex offense" is required to register. 42 U.S.C. § 16911(1). A "sex offense" is defined as "a criminal offense that has an element involving a sexual act or sexual contact." 42 U.S.C. §§ 16911(5)(A)(i)&(ii). Defendant's 1998 conviction for criminal sexual penetration of a child clearly constitutes a sex offense; therefore, as a sex offender, Defendant was required to "register, and keep the registration current" in each jurisdiction where he lives, works, or studies for a minimum of fifteen years. 42 U.S.C. §§ 16913(a) & 16915. Thus, although Defendant may not have been required to register under New Mexico law, he was required to register under federal SORNA for a minimum of fifteen years, which clearly covers the time period charged in the indictment.

### C. The Issue of Whether Defendant "Knowingly" Failed to Register as a Sex Offender Is a Question of Fact That Must Be Decided by a Trier of Fact

Defendant clearly received a Notice to Register pursuant to New Mexico law prior to his release from prison; however, this Notice did not specifically identify Defendant's separate duty to register under federal law. (Doc. 17-3 at 3–5.) Consequently, at trial, one of the determinative issues with regard to Defendant's guilt would be whether he possessed sufficient notice regarding his duty to register under federal law such that he can be found to have "knowingly" failed to register as a sex offender in violation of 18 U.S.C. § 2250(a). The government argues that, even if Defendant did not have specific knowledge of the federal registration requirement, he can still be found to have knowingly failed to register if he received some notice of a duty to register, as section 2250 is a general, not a specific intent crime. *United States v. Fuller*, 627 F.3d 499, 507 (2d Cir. 2010) (agreeing with the Third, Fourth, and Seventh Circuits). As a general intent crime, "SORNA merely requires that a defendant have knowledge that he was required by law to register as a sex offender.

7

The government need not prove that, in addition to being required to register under state law, a defendant must also know that registration is mandated by a federal statute." *United States v. Vasquez*, 611 F.3d 325, 328 (7th Cir. 2010).

Defendant argues, however, that because valid notice of a duty to register under state law is sufficient to show knowledge of a duty to register under federal law, the converse of this statement must also be true—that lack of valid notice of a duty to register under state law constitutes a lack of knowledge of the longer federal registration requirement. Yet, Defendant provided the Court with no legal authority to support this conclusion, and the case law tends to show just the opposite. *Cheek v. United States*, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law . . . is no defense to criminal prosecution is deeply rooted in the American legal system."); *Hinckley*, 550 F.3d at 938 ("because Mr. Hinckley's arrest for this offense occurred well after SORNA's enactment in July 2006, we presume that he was aware of the law"); *United States v. Hinen*, 487 F. Supp. 2d 747, 754 (W.D. Vir. 2007) ("individuals convicted of certain conduct are placed on constructive notice that they may be subjected to future regulations because of the nature of their criminal conviction"), *rev'd on other grounds*, *United States. v. Hatcher*, 560 F.3d 222 (4th Cir. 2009). Furthermore, the Court does not find Defendant's argument based on sound legal reasoning, as the fact that a defendant did not receive notice does not conclusively demonstrate a lack of knowledge of a registration requirement. In the end, whether Defendant "knowingly" failed to register cannot be decided as a matter of law; rather, it constitutes a question of fact that must be decided by a jury.

## VI.  CONCLUSION

Defendant argues that dismissal is appropriate pursuant to FED. R. CRIM. P. 12(b)(2) because sex offenders generally receive notice of their duty to register through state law, and the Notice to Register Mr. Rickett signed on November 24, 2009 only indicated a duty to register under NM

SORNA, which no longer applied, because it had been more than ten years since the date Defendant initially registered as a sex offender. This argument, however, fails to recognize the longer federal SORNA sex offender registration requirement. Thus, while Defendant may not have had a duty to register under NM SORNA at the time of his release from prison on November 28, 2009, he clearly had a duty to register under federal SORNA's sex offender registration requirements. As the facts surrounding Defendant's knowledge of these separate federal registration requirements are clearly contested by the parties, and Defendant has failed to point to any cases demonstrating that once a defendant's duty to register under state law expires, his duty to register under federal law also expires, dismissal of the indictment is not appropriate. Whether Defendant had knowledge of federal SORNA's registration requirements is a factual issue that must be decided by a jury.

**WHEREFORE**, the Court hereby DENIES Defendant's Motion to Dismiss Pursuant to Rule 12 (Doc. 46), as the issue of whether Defendant knowingly failed to register as a sex offender in violation of 18 U.S.C. § 2250(a) is a question of fact, not law.

**ROBERT BRACK**
**UNITED STATES DISTRICT JUDGE**